**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JESSE MURCHIE, | ) |
| | ) |
| and | ) |
| | ) |
| DEANNA MURCHIE, | ) |
| | ) |
| Plaintiffs | ) |
| vs. | ) |
| | ) |
| EDWARD DUBIE, in his Personal and | ) |
| Professional Capacity, as Officer, Fort | ) |
| Fairfield Police Department, | ) |
| | ) |
| RYAN EAGLES, in his Personal and | ) |
| Professional Capacity as Officer, Fort | ) |
| Fairfield Police Department, | ) |
| | ) |
| SHAWN NEWELL, in his Personal | ) |
| And Professional Capacity as Chief, | )   **DOCKET NO. CV-2020-** |
| Fort Fairfield Police Department, | ) |
| | ) |
| FORT FAIRFIELD POLICE | ) |
| DEPARTMENT, Fort Fairfield, | ) |
| | ) |
| CITY OF FORT FAIRFIELD, | ) |
| James Riser, in his Personal and | ) |
| Professional Capacity as Fort Fairfield | ) |
| City Manager, | ) |
| | ) |
| JOHN DOE, | ) |
| and | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Defendants | ) |

**COMPLAINT**
**(WITH DEMAND FOR JURY TRIAL)**

1

## I.        The Parties

1.        Plaintiffs are husband and wife and residents of Fort Fairfield, County of Aroostook, State of Maine.

2.        At all times pertinent herein, Defendants are all Fort Fairfield agencies, departments, supervisors, policy makers, or officers, located in Fort Fairfield, Maine.

3.        The City of Fort Fairfield is a Governmental body and James Riser as its City Manager, and the Fort Fairfield Police Department by Chief Shawn Newell, are located in Fort Fairfield, Maine, City of Fort Fairfield and Police Officers Edward Dubie and Ryan Eagles of the Fort Fairfield Police Department, are located in Fort Fairfield, Maine.

4.        John Doe and Jane Doe are named as Defendants as Plaintiffs and their agents have not been able to obtain all discovery on a voluntary basis, and they are therefore listed out of an abundance of caution, to the extent viable Defendants are yet unknown.

## II. Jurisdiction and Venue; Demand for Jury Trial

5.        The Court has jurisdiction pursuant to 28 USC §1331, and may exercise supplemental jurisdiction over the asserted State Law claims pursuant to  28 USC §1367(a).

6.        In addition, claims are made for violations of 42 USC §§1983, 1985(3), 1986, 1988; and Title II of the Americans with Disabilities Act (ADA), 42 USC §§12132, et seq; and Section 504 of the Rehabilitation Act, 29 USC §794, as well as discrimination under Maine Law, Maine Human Rights Act.

7.        Venue lies in the United States District Court for the District of Maine sitting at Bangor, Maine, pursuant to 28 USC §1391(b)(1),(2) and local Rule 3(b).

8.      Trial by Jury is demanded.

### III. General Allegations-Background Facts

9.      Plaintiff alleges and realleges Paragraphs 1-8, of this Complaint, and makes them a part of this Section III.

10.      On or about 08/27/2018-two (2) Fort Fairfield Police Officers believed to be Defendants Dubie and Eagles, and entered on Plaintiff's property in Fort Fairfield, Maine, taking photos, stating "they were on a fact-finding mission, looking for drugs."

11.      On or about 09/01/2018, two (2) Fort Fairfield Police Officers believed to be Defendants Dubie and Eagles, backed into Plaintiff's driveway, parked there and left when Deanna arrived home; the Chief of Police Shawn Newell said "Police don't have to follow no trespass signs."

12.      The two Police Officers said "we don't have to tell you anything", Plaintiff said, "you're harassing me"; Officer Eagles chuckled and hung up the phone.

13.      About 09/10/2018 the Fort Fairfield Police by officers Dubie and Eagles stopped Jesse Murchie on a road, kept him there for "window tint" (he has a certificate) and loud exhaust; (Court dismissed that charge on 01/04/2019); the police kept him there for 45-minutes.

14.      On 10/07/2018, a) the Fort Fairfield Police with Defendants Dubie and Eagles, were near Plaintiff's house, when they hailed Jesse Murchie for speeding and squealing tires and loud exhaust; Plaintiff Jesse Murchie then turned his car and returned to his house, as he was afraid of the police, based on their recent harassment of him; b) They falsely accused Jesse Murchie of assaulting officers or resisting arrest; c) Defendant Dube threatened Plaintiff Deanna Murchie and threatened to call DHHS while she was recording the incident in the presence of Defendant

3

Eagles, who did nothing to object to Defendant Dubie's threat, nor did he intervene; d) They made threats against Jesse Murchie's parents; e) They implemented the improper and excessive use of tasers against Jesse Murchie; f) They used excessive force against Jesse Murchie including knee to back acts causing Jesse's inability to breathe and back and rib fractures and then shackling him, among other acts of violence; g) Defendant Officer Dubie said Jesse was "paranoid", yet gave no medical/mental health assistance or treatment, in violation of 34-B M.R.S.A. §3081; Title II, Americans with Disabilities Act, and §504 of    the Rehabilitation Act as in the presence of Officer Eagles; h) they ordered warrantless forced penile catheterizations of Jesse and illegal strip searches and body cavity searches of him at the hospital; i) at no time were reasonable or adequate warnings given to Jesse Murchie by Defendants.

15.    During the Officer Dubie Body Cam recording of the 10/07/2018 incident at Plaintiff's home, Defendant Dubie did the following, all in the presence of Defendant Eagles:

      a.      He gave no Miranda to Jesse Murchie;

      b.      He had no search warrant;

      c.      He used a Taser multiple times against Jesse Murchie;

      d.      While Jesse Murchie was <u>not</u> resisting, yet the Defendant Officer Dubie was yelling, "You're resisting", as a cover-story the officer to justify his actions;

      e.      He said to Jesse Murchie, "your father's getting in trouble with the Feds";

      f.       He threatened to Deanna Murchie, "get in the house, I'm calling DHHS on your kids";

      g.      He started searching Plaintiff Jesse Murchie's phone;

h. When Jesse Murchie said to Defendant Dubie, "I can't breathe", the Defendant said "You're being combative", while the officers had his knee held against his back as Jesse was prone face down on the ground;

i. Defendant Officer Dubie said, "call for a dog";

j. Defendant Dubie then said to Jesse Murchie, "You're an addict";

k. He then said, "He's paranoid", referring to Jesse Murchie;

l. Jesse Murchie said to Defendant, "You won't leave me alone";

m. Officer Dubie said, "You M-F—ked me all night";

n. Defendant said, "Proactive police";

o. Officer Dubie threatened Jesse Murchie with, "Your dad will go to jail-I'll put him in handcuffs";

p. He said, "Funky Box," and searched the car even without a warrant;

q. There was no kicking by Jesse Murchie, contrary to the police report;

r. Jesse Murchie, was "Peeing himself at the scene";

s. The Defendant Officer Dubie said, "Word on the street, he's a meth dealer and user";

t. Defendant Dubie said, "I always get my man";

u. There was no medical care provided even though an ambulance was present; Defendant Dubie refused it and held Jesse Murchie at the scene for a tow truck, providing no medical care in an intentional way, with deliberate indifference, resulting in the willful and malicious denial of medical and mental health care to Jesse Murchie; Defendant Eagles was present and did not intervene or prevent the wrongdoing;

v. Defendant Dubie also discussed a search warrant, but chose not to request one;

w. Defendant Dubie said to Defendant Eagle, "You know there are going to be repercussions from this";

5

x.      Defendant Dubie stated, "My arm, knee, low back hurt-going to the hospital";

y.      Dubie said, "Waiting for a wrecker" and denied Jesse Murchie medical care;

z.      Defendant Dubie said to Defendant Eagle, "I would have been injured, if you weren't here";

aa.    While waiting, Defendant Dubie checked Jesse in the police department car, said "he's still breathing";

bb.    Defendant Dubie said, "They'll lodge complaints";

cc.    Defendant Dubie said to Defendant Eagle, "He's assaulting you";

dd.    Defendant Dubie said to Defendant Eagle, "Trying to kick at me in the car";

ee.    During this incident, Defendant Dubie was yelling, out of control, caused escalation of events, made misstatements and misrepresented factual occurrences, as a cover-up story; he was trying to elicit Eagle as a cover-up/conspiracy.

ff.     All traffic infraction charges were dismissed on 03/01/2019.

gg.    The officers were accusing him of insolent and disrespectful behavior and they retaliated against him therefor;

16.    At the Northern Light A.R. Gould hospital, Officer Dubie said "I'm shutting this off", he then turns off the camera, and pushes Jesse Murchie to the ground and says, "what are you going to do-run?", during which a male nurse was present.

17.    In ER, Defendant Dubie was talking to Jesse Murchie, but gave <u>No Miranda;</u> there was much interrogation of Jesse Murchie regarding drugs; Dr. Goth, the attending physician, told the officers you need a warrant; all of this occurred with significant delays in police action from the initial arrest; Officer Eagles was present and did not intervene or prevent the wrong doing.

6

18.     On 10/07/2018 at the A.R. Gould Hospital, Officers Dubie and Eagles ordered Dr. Goth, and several nurses to conduct a forced, warrantless penile catheterization of Jesse Murchie for a urine sample and strip search and body cavity search; the officers made threats to Jesse Murchie regarding his taking the test and used coercion against him; at no time was a blood test requested, nor a warrant obtained and any strip search and body cavity search or warrantless penile catheterization were without Murchie's voluntary, free consent or agreement and were coerced by police.

19.     Peter Goth, M.D., in his "Emergency Department Documentation" stated under "Physician's Exam: "The patient is awake, alert and oriented and does not appear intoxicated or impaired."

20.     Any urine test was performed for police investigation purposes and not for medical care or necessity, and ordered and demanded by Defendants Dubie and Eagles.

21.     Two nurses held his arms, he was in an upright sitting position, a nurse unzipped his pants  and exposed his penis, while another nurse forced the 1st catheter into his body, which drew blood and was unsuccessful; a second catheterization occurred and a urine sample was obtained; all the while the nurses were apologizing to him, with the police officers present, watching and coercing Jesse into the procedure, which also constituted an illegal strip search and body cavity search.

22.     Jesse Murchie has suffered urological related injuries as a result and is treating for those injuries, both physical and psychological.

23.     Chief Newell admitted to Jesse Murchie's parents, "Officer Dubie tends to escalate matters, not deescalate them;" yet the Chief also says "No problems with police actions;" Yet,

Defendant Newell allowed the policy and practice to occur and be used by the officers as a custom and practice of the Fort Fairfield Police Department.

24.     Chief Newell told Plaintiff's mother, "Jesse was under the influence of amphetamines, marijuana," which statement constitutes HIPPA Violations and Title 16 Violations, M.R.S.A.

25.     On or about 10/09/2018, Defendant Officer Dubie intentionally, deliberately and maliciously made false report to DHHS against Plaintiff; DHHS found nothing wrong.

26.     On or about 11/23/2018, Plaintiff's employer advised of his pending termination of employment due to this incident.

27.     On 12/01/2018, Plaintiff was terminated from assistant manager job at Doc's.

28.     About 11/15/2018, without permission, the police were in Plaintiff's backyard and near marsh area; probably Officer Eagles was laying by Plaintiff's fireplace, and there were snow footprints in their yard; Chief Newell stated to Jesse Murchie they were investigating an apartment behind them; Chief Newell again refused to stop the Defendant officers' illegal acts against Plaintiffs and allowed them to be used as a custom and practice of the Fort Fairfield Police Department.

29.     On information, the police have followed Jesse Murchie's father, Officer Kevin Murchie of U.S. Customs and Border Protection (CBP), i.e., "PD has followed him quite closely either to work or the store."

30.     On or about 01/02/2019, Officer Dubie stopped Plaintiff at Rite Aid parking lot while Jesse Murchie was using his cell phone to call his wife; Jesse Murchie had pulled off the  road  to do so and was plugging in phone.

31.     Plaintiff Jesse Murchie asked "what are you doing?" Officer Dubie replied to him, "suspicious vehicle in parking lot"; Jesse Murchie said to Defendant Dubie, "I'm  plugging in my phone to call my wife; you know its me and my car,"; Officer Dubie advised Jesse Murchie, "I want to search your car"; Jesse Murchie told Defendant Dubie, "No, I don't feel comfortable with just you-get another officer because you hurt me, tased me, beat me up and told lies; I spoke to the Chief about you"; to which Officer Dubie replied, "The Chief's going to believe you?"; Jesse Murchie than decided and advised Officer Dubie, "I'm going to record this"; Defendant Officer Dubie then left.

32.     Jesse Murchie was finally charged with failure to stop; refusing to submit to arrest, and pled guilty in State Court; all other charges were dismissed, on 10/09/2018.

33.     Chief Newell refused Plaintiff's requests to investigate these incidents, has taken intentional and deliberate action to allow the customs and practices of the officers to be used and condones their actions.

34.     Defendant James Riser as City Manager, was advised by Plaintiff and Plaintiff's family of the wrongdoing of Newell, Dubie and Eagles, and their violation of Plaintiff's rights, but he ignored their pleas and condoned their misconduct as an official policy of the City of Fort Fairfield and Fort Fairfield Police Department, and refused to investigate the wrongdoing.

35.     The Defendants conspired against the Plaintiff to deprive him of his rights, peace of mind, reputation, privacy, health and economic security, and committed the wrongs against him, all with knowledge of their improper actions and conduct, which caused the Plaintiff herein the damages as aforesaid.

36.     The Defendants are vicariously liable for the damages to Plaintiff.

37.     As a direct and proximate result of the malicious actions of the Defendants, and their breach of duty to Plaintiff, the Plaintiff was severely damaged, as aforesaid.

38.     Plaintiff Jesse Murchie, requests Judgment as follows against Defendants:

a.      The Defendants be required to pay Plaintiff's general damages, including damages for violations of his Constitutional rights, assault/battery, pain and suffering, permanent impairment, and intentional and negligent infliction of emotional distress, and violations of other listed causes of actions, in the amount of $5 million dollars.

b.      The Defendants be required to pay Plaintiff's special damages, including but not limited to lost wages, earning capacity, property damages, medical expenses, and attorneys' fees, all in a sum to be ascertained at the time of trial.

c.      That Defendants be required to pay Plaintiff exemplary and punitive damages in a sum $10 million dollars.

d.      With respect to all claims, the Defendants be required to pay Plaintiff's attorneys' fees, pursuant to 42 U.S.C. §1988 and Title 5 M.R.S.A. §4681 et seq.

5.      The Defendant be required to pay Plaintiff the cost of suit herein occurred.

e.      Permanently enjoin the Defendants from further violating Plaintiff's Constitutional rights and prohibit them from further interference of the rights of other citizens, including action involving assaults, shackling, tasing, back kneeling, denying medical care and use of strip search and forced warrantless penile catheterizations, of a citizen suffering from mental disabilities or related cognitive injuries.

g.      That the Plaintiff have such other and further relief as the Court may deem just

and proper under all of the circumstances.

### COUNT I
**(42 USC §1983-All Defendants)**

39.     Plaintiffs allege and reallege Paragraphs 1-38 in the foregoing, and makes them a part of

this Count I.

40.     Jesse Murchie had a clearly established right under the Fourth and Fourteenth

Amendments to the United States Constitution not to be assaulted, battered, tased, deprived of

medical care and forced to undergo a warrantless forced penile catherization, strip search and

body cavity search, by Defendants, nor denied his rights to services, aids and care for his

physical, medical and mental disabilities.

41.     At all times relevant to this Complaint, Defendants were acting under the color of law,

statute, ordinance, regulations, actions or usage of the State of Maine or the City of Fort

Fairfield.

42.     The Defendants' assault, battered, tased, denied medical services, forced a warrantless

penile catheterization of Plaintiff, strip searched and body cavity searched him, and were acting

as agents of the Police and Fort Fairfield, all of which constituted an excessive and

unconstitutional use of force.

43.     By the actions described above, the Defendants have deprived the Plaintiff of his clearly

established rights guaranteed by the Fourth and Fourteenth Amendments to the     Constitution

of the United States, to be free from an unreasonable search and seizure, and excessive use of

11

force and deprivation of rights under the Constitution and Laws of the State of Maine.

44.     The Defendants, by and through their agents, knowingly and with deliberate indifference and reckless disregard to the constitutional rights of the Plaintiff, maintained and  permitted official policies and customs and practices of permitting the occurrence of the types of wrongs set forth hereinabove.

45.     These policies and/or customs and practices included, but not limited to, assault, battery, knee to back techniques, tasing, being deprived of medical care and forced to undergo a warrantless forced penile catherization, strip searches and body cavity searches, by Defendants, and denied his rights to services, aids and care for his physical, medical and mental disabilities, and the treatment of arrestees, all without warnings, all condoned by Defendants Newell and Riser, and condoning the actions of Defendants Dubie and Eagles, as part of the Fort Fairfield Police Department and the City of Fort Fairfield custom and practice, and failure to train or investigate wrongdoing, including prior practice of trespass and harassment of Plaintiffs by Defendants on their property.

46.     Also, the Government policies were the moving force behind their actions, including, but not limited to, the purchase, transportation, storage, preparation, practice and use of tasing, denial of medical care and penile catheterizations on a citizen of Maine, and subsequent thereto, using Plaintiff's incident as a training exercise and/or using Plaintiff as a human guinea pig to effect their tasing and then first fully forced, warrantless penile catheterization of a man with a mental disability.

47.     In addition, Defendants, Chief of Police, Shawn Newell and Jim Riser, City Manager of Fort Fairfield, knew or should have known of the customs and practices which led directly to the

injuries sustained by the Plaintiff, and in violation of his clearly established rights, and said Defendants were directly involved with the actions and approved and        sanctioned the same, including the failure to stop the officers, properly train then and investigate their misconduct.

48.     The Defendants all failed to consider the following:

   a.     The facts and circumstances of this case, including the level of crime alleged, and its severity,

   b.     whether split-decision making was involved or delays were available to police, the mental health of the arrestee, including his bizarre or irrational actions, confirming his lack of mental competence, alternative methods of  less  severe and drastic deadly force of a nature available to Law Enforcement or medical personnel to otherwise effect an arrest or obtain evidence,

   c.     and the totality of circumstances involved in the use of force by attacking and forcing a warrantless penile catheterization of Jesse Murchie, rather than waiting for assistance from mental health professionals, or other experts to analyze and decide the least excessive force method to use and without any warning, including a warrant for a blood test;

   d.     after the arrest, knowing Plaintiff was injured, including three (3) fractured ribs, multiple contusions, fractured vertebrae, taser injuries, a spleen injury, and knee injuries, and shackling all without adequate warnings and without imminent threat,  denying medical care  and then forcing the warrantless penile catheterization of him and strip searches and body cavity searches;

   e.     under all the circumstances and available resources, and less drastic and

13

confrontational tactics, and de-escalation methods should have been used.

f.      Further, the Government Agencies involved, by using excessive force and
       warrantless penile catheterization to effect arrests or evidence gathering of a
       mentally incompetent person, did through its policies, approvals, practices,
       training and use thereof and in particular failing to properly train the police officer
       Defendants,  maintained and condoned a custom and practice of depriving
       individuals of their Constitutional Rights by their traditions, policies, ordinances,
       statutes, manuals and actions, promulgated by Law Enforcement of the agencies
       and Governments and use of the third party health care providers involved.

g.      The Defendants did, acting under color of law, and in their official capacities, and
       individually, conspire to interfere with Plaintiff's civil rights and individual
       liberties, substantive due process, personal privacy, and right to equal protection
       of the law as found in 42 U.S.C. §1983 and the rights secured to him by the
       United States Constitution and the Constitution and laws of the State of Maine
       and conspired to inflict a wrong against and injury upon Plaintiffs.

h.      Further, the Defendants and Government Agencies involved failed to issue or use
       widely accepted and non-lethal means by which to apprehend Jesse Murchie, a
       mentally ill or non-cognitive person, such as mental health experts, or other non-
       deadly means of physical force, including warranted blood tests, and as is part of
       the training of the officers and use of medical personnel as involved, also did not
       act in accordance with the "protocol for the reporting and investigation of the use
       of deadly force," in the Maine Law Enforcement Officers    Manual, and other

14

applicable standards of care, and other Standard Operating Procedures and standards and medical protocol for warrantless forced penile catheterizations.

i.      The Defendants used Excessive Force a) by use of Tasers, b) use of knees to the back of Jesse Murchie resulting in three (3) fractured ribs, and vertebrae injuries, and spleen and knee injuries,  c) failure to consider less destructive or invasive means of effecting the arrest or custody of Jesse Murchie, d) failure to consult with a  urologist or other expert regarding a forced, warrantless penile catheterization or first use of a warranted blood test, e) failure to consult with EMTs before delaying transport to the hospital, f) failure to consider damage and injuries to Jesse Murchie; g) failure to consider injuries to Jesse Murchie including concussion, fractured ribs, and vertebrate, disorienting effects of Tasers and spleen and knee injuries on him, and his subsequent acts after handcuffing and shackling him to understand his reactions rather than delaying treatment, h) failure to consult and consider mental health experts to use  alternative means of effecting an arrest or medical care and tests, i) failure to use deescalating use of force for a mentally ill arrestee; j) converting a T.34-B matter into a training exercise for Fort Fairfield Police;

j.      Defendants illegally trespassed on Plaintiff's property and/or caused the sexual assault on his person by the warrantless, forced penile catheterization, strip search and body cavity search.

k.      Defendants had followed a pattern of trespass and harassment of Plaintiffs over a substantial period of time.

49.    Such errant policies and/or customs and practices of the Defendants were the moving force behind the violation of Plaintiff, Jesse Murchie's Fourth and Fourteenth Amendment rights, and the Defendants, and each of them, are liable for all of the injuries sustained by Plaintiff, as set forth hereinabove.

50.    A reasonable officer would not discharge his taser, use knee to back techniques to injure, shackle an injured person, thereafter an injured person or his family, nor deny medical care, nor force a warrantless penile catheterization, strip search and body cavity search, because of insolence or retaliation as punishment, but Defendants did so here.

51.    The officers used excessive and significant force by tasing Plaintiff, injuring him by kneeling on his back and causing severe injuries, shackling him, denying medical care, forcing a warrantless penile catheterization, and strip search and body cavity search, all of which violated the Fourth Amendment because Plaintiff was subdued, offered minimal if any nonviolent and stationary resistance, if at all, posed no safety threat to the officers and was in need of health-improving treatment rather than life-threatening activity.

52.    The police improperly reacted violently to Plaintiff's non-violent refusal if any occurred, to follow police commands.

53.    In October 2018, the clearly established law prohibited tasing a subdued, injured and/or mentally ill small male offering only non-violent, stationary resistance, if at all, while the larger Officer Dubie knelt on his back and he complained he could not breathe, and suffered multiple back/rib fractures, in the process, and then shackling him, threatening him and his family, denying medical care for the injuries or forcing a warrantless penile catheterization for police investigation purposes, including a strip search and body cavity search, as well as prior

trespassing and harassing of Plaintiffs on their property.

54.     A reasonable officer or person would have known that tasing Murchie and kneeling on his back, causing injuries and inability to breathe, shackling him, denying medical care and forcing a warrantless penile catheterization and strip search and body cavity search, all without warnings, were all considered violations under the circumstances and violations of his Constitutional Rights.

55.     An objectively reasonable police officer, Government official or their agents or employees in each of the Defendants positions, would have understood that he/she were violating Mr. Murchie's clearly established Fourth and Fourteenth Amendment rights.

56.     The officers and officials' conduct were so deficient that no reasonable officer or person could have made the decision to assault, batter, tase or force the penile catheterization and searching of Jesse Murchie, under the circumstances.

57.     Each of the officers' and persons' acts and omissions before, during and after the activities, constitute a conspiracy against Jesse Murchie, and were malicious and  outrageous,  or were so outrageous that malice can be implied and  considered more than a  reckless  disregard and deliberate indifference for Mr. Murchie; and Defendants knew of the dangers and protected themselves, rather than Jesse Murchie, all without adequate warnings to Mr. Murchie.

58.     As a direct and proximate result of the Defendants' assault, battery, improper knee to back techniques, threats to him and his family, illegal tasing, strip searching, body cavity search, sexual assault,  shackling, denial of medical services and forced penile catheterization and use of excessive force, including kneeling on Plaintiff's back, causing fractures and Plaintiffs inability to breathe, Mr. Murchie was deprived of the rights, privileges and immunities secured by the

United States Constitution, and he sustained life-threatening and permanent injuries, including physical, emotional and neuro-psychological, substantial pain and suffering, loss of enjoyment of life and recreational activities, embarrassment, humiliation, torture and invasion of privacy, incurred medical costs, loss of earning capacity and he suffers a permanent impairment, all of which will continue in the future.

WHEREFORE, Plaintiff, Jesse Murchie, moves that this Honorable Court will grant Judgment in his favor, for compensatory damages of $5 million, and punitive damages of $10 million, against Defendants in an amount that is just and reasonable, including an award of attorneys' fees pursuant to 42 USC §1988, and award him any further relief it deems just and proper.

## COUNT II
### (Conspiracy Under 42 U.S.C. §§1985(3), 1986)

59.     Plaintiff alleges and realleges Paragraphs 1-58 in the foregoing, and makes them a part of this Count II.

60.     The Defendants did, acting under color of law, and in their official capacities, and individually, conspire to interfere with Plaintiff's civil rights and right to his liberty interests, subsequent due process, personal privacy, equal protection under the law, as found in 42 U.S.C. §§1985(3),1986, and the rights secured to him by the United States Constitution and the Constitution and laws of the State of Maine.

61.     The actions of the Defendants, officers, and supervisors, and their omissions, before, during and after the attacks including tasing, back kneeling, assaulting, shackling, strip searching and forced penile catheterization of Jesse Murchie's person, and threatening him and his family,

18

and trespassing and harassing Plaintiffs at their home, constituted a conspiracy against Jesse Murchie, in violation of 42 USC §1985(3), 1986.

62.     Further, any of the officers and personnel having knowledge that wrongs against Jesse Murchie were occurring, including §1985 violations, with the power to prevent or aid against the wrongs, and neglecting to do so, are guilty of the violations as well.

63.     The officers and Defendants knew that Jesse Murchie was mentally incompetent, or a mentally ill person, and not capable of making informed choices, acting in a bizarre manner, and that he was suffering some kind severe mental breakdown, which as an white male, placed him in a protected class-base of protected persons, and  here the medical personnel had a tacit understanding that they would carry out the attacks, tasing, back kneeling, shackling, denial of medical care, strip searching, body cavity searching and forced warrantless penile catheterization, notwithstanding other less forceful, harsh and lethal  means available to them, including warranted blood tests.

64.     The officers and Defendants knew or should have known, Jesse Murchie was, concussed, injured and unable to cognate or understand his whereabouts or commands, and not capable of making informed choices, which as a mentally ill, white male, placed him in a protected class-base of protected persons, and here the officers and medical personnel had a tacit understanding that they would carry out the attacks and penile catheterizations, notwithstanding other less lethal, forceable or harsh means available to them, including warranted blood tests.

65.     Defendants were motivated by the class-based invidious discrimination and animus behind the conspiracy actions, due to Jesse Murchie's class-based status as a white male with severe mental health disorders, and inability to comprehend, all of which involved the

19

conspiracy, for the purpose of depriving Jesse Murchie of due process and equal   protection  and equal privileges and immunities, involving an overt act or acts in furtherance of the conspiracy, resulting in severe injury to Jesse Murchie.

66.     Each of the officers' acts and omissions before, during and after the sexual assaults and forced, warrantless penile catheterizations, constitute a conspiracy against Jesse Murchie and were malicious and outrageous, or were so outrageous that malice can be   implied              and considered more than a reckless disregard and deliberate indifference for Mr. Murchie; as Defendants knew of the dangers and protected themselves, rather than Murchie, all without warnings to Mr. Murchie.

67.     To the extent law enforcement and other personnel as agents extended or exacerbated the situation to create and/or use the incident as a training exercise for police and others, is a further violation of Jesse Murchie's rights, and further evidence of Defendants' wrongdoings.

68.     The police and other personnel became impatient, angry, upset, unwilling to wait for a Mental Crisis Team, or a search warrant, and because Jesse Murchie was exercising his   right to protect himself or exercise his Constitutional rights, exacerbated their wrongs against Jesse Murchie and to the point of attacking him as a retaliatory method and as a form of humiliation and punishment of him for insolent and disrespectful behavior, as Defendant officers perceived those actions.

69.     It was not objectively reasonable to use such force and force of warrantless, penile catheterizations against Jesse Murchie, and he had a liberty interest in his bodily   integrity   and rights to substantive due process and privacy.

70.     The Defendants did, acting under the color of law in their official capacities, and

individually, violated those rights.

71.     The Defendants, each of them in their official capacities, and individually, caused the Plaintiff harm by the said violations.

72.     The Defendants, each of them in their official capacities, and individually, were deliberately indifferent to the rights of the Plaintiff under the Fourteenth Amendment of the United States Constitution providing him rights of due process to bodily integrity.

73.     Further, the Defendants were deliberately indifferent to the Plaintiff's serious medical needs.

74.     Such deliberate indifference also violated the Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution.

75.     As a direct and proximate result of the actions of the Defendants' and their attacks, tasing, back kneeling, denial of medical care and strip searching, body cavity searching, use of excessive force and subsequent forced, warrantless, penile catheterizations of him, Mr. Murchie was deprived of the rights, privileges and immunities secured by the United States Constitution, and he sustained life-threatening and permanent injuries, both physical, emotional and neuro-psychological, substantial pain and suffering, embarrassment, humiliation, invasion of privacy, loss of enjoyment of life and recreational activities, incurred medical costs, loss of earning capacity and he suffers a permanent impairment, all of which will continue in the future.

        WHEREFORE, Plaintiff, Jesse Murchie, moves that this Honorable Court will grant Judgment in his favor, for compensatory damages of $5 million, and punitive damages of $10 million dollars, against Defendants in an amount that is just and reasonable, including an award of attorneys' fees pursuant to 42 USC §1988, and award him any further relief it deems just and

proper.

## COUNT III

**(Disability Law Violation-Title II of the Americans with Disabilities Act (ADA), 42 USC §§12132, et seq, and Section 504 of the Rehabilitation Act, 29 USC §794)**

76.     Plaintiff alleges and realleges Paragraphs 1-75 in the foregoing, and makes them a part of this Count III.

77.     The interaction between Defendants and Jesse Murchie, was informed and influenced by his mental disability and post-attack pain, concussed state and non-cognitive state; in particular, the warrantless entry into Plaintiff's car and to employ a forced penile catheterization of him with an inadequate and improper method, failure to provide him proper services and medical care, all without adequate warnings, violated the Fourth, Eight and Fourteenth Amendments and Federal Disability Discrimination Law.

78.     Also, the Defendants were unjustified and unwarranted in entering his property or vehicle, using excessive force or causing a sexual assault, and setting off the violent chain of events resulting in provocation escalation, nor in their prior trespassing and harassing of Plaintiffs at their home.

79.     The Defendants actions constituted an intentional discrimination or deliberate indifference in the providing of medical care and treatment of the Plaintiff; Plaintiff, by   reason of his mental and physical disabilities, was excluded from participation in, or deprived the benefits of, the services, programs, or other activities of a public entity, or otherwise subjected to discrimination by the Defendants, that their conduct was     intentional and that the Defendants exclusion, denial or discrimination and deliberate    indifference against Plaintiff, proximately cause him damages.

80.     While Defendants executed a discriminatory policy against Mr. Murchie, several of the officers and others, were policymakers and the Government and police had a policy of discrimination, and the discrimination was intentional since the officers and others had a duty and the public entities as well, to create policies and procedures to prevent discrimination based on disability and therefore, an official policy actually exists for Constitutional violations of the ADA and Rehabilitation Act by Defendants.

81.     The Defendants Dubie and Eagles refused proper, appropriate and adequate services, auxiliary aids, or proper commands, and then became annoyed, impatient and perturbed with Plaintiff, and retaliated against him for his insolent and disrespectful behavior, as they perceived it, even though they knew or should have known Plaintiff could not understand or hear their commands and they intentionally and with deliberate indifference, failed and refused to wait for, or provide, psychological or mental health experts to arrive and assist with providing those necessary services and programs to Plaintiff regarding his disabilities, or provide a warranted blood test.

82.     At all times pertinent herein, Defendants knew or should have known of Plaintiff's disabilities, but they intentionally or with reckless disregard, refused to communicate with him in a way he could understand then took improper actions by assaulting him,  tasing  him,   back kneeling on him, lack of medical care, strip searching, body cavity searching, and forcing a warrantless, penile catheterization on him, and as Defendants knew or should have known that Plaintiff had said disabilities, yet refused to accommodate and communicate in appropriate alternative ways.

83.     Mr. Murchie has rights as a "class of one," equal protection rights, including but not

limited to denial of medical services, mental health services and urology services.

84.     The Defendants actions in this disability claim by the Governmental entities occurred in the operation of public service, programs and activities, including transportation, all of which were violated by Defendants.

85.     There were no exigent circumstances warranting the attacks, or tasing, back kneeling, denial of medical care, strip searching, body cavity searches, or sexual assaults, of him, or thereafter forcing of warrantless penile catheterizations on him or otherwise denial of medical care, considering his mental and physical disabilities and available use of a warranted blood test.

86.     The Defendants actions in this disability discrimination claim by the Government and City of Fortfield, and police entities occurred in the operation of public services, programs and activities including transportation, all of which was violated by Defendants.

87.     Mr. Murchie was a qualified individual with a physical and mental disability and cognitive loss, who, by reason of such disabilities, should not have been excluded from participation in nor have been denied the benefits of the services, programs, or activities of the public entities, or been subject to discrimination by any such entity, which violations thereof occurred against Mr. Murchie by Defendants, by reason of his disability.

88.     The Defendants intentionally, wrongfully, and with deliberate indifference, denied to Mr. Murchie the programs, services or activities covered by Federal Disability Discrimination Laws prohibiting discrimination, that were available and due to Plaintiff at all times pertinent.

89.     The actions of Defendants were part of an official custom, policy or practice resulting in violations of Plaintiff's rights herein.

90.     Under the Americans with Disabilities Act (ADA), local and State agencies and City

24

Government and police agencies are required to give equal access and equally effective services to people with disabilities which was codified to Defendants in 28 CFR 35.130, and they may not deny people an opportunity to participate in their programs, or give them an opportunity that is less effective than the opportunity given to others, which requires   police departments to provide mental health  services to a mentally disabled person, or a   qualified  interpreter,  TTY  services, visible warning devices, white board written warnings and instructions, captioned materials and other  auxiliary  aids  to  ensure  effective  communication  with  mentally  ill  or  non-cognitive persons, as noted in 28 CFR §35.160, available to Defendants at all times, as follows:

> a.(1)    A public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others;…

> b. (1)   A public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity;

> b. (2)   The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place; in determining what types of auxiliary aids

and services are necessary, a public entity shall give primary consideration

to the requests of individuals with disabilities; in order to be

effective, auxiliary aids and services must be provided in accessible

formats, in a timely manner, and in such a way as to protect the privacy

and independence of the individual with a disability.

91.    No 11th Amendment immunity exists to the Defendants under the ADA and Rehabilitation Acts, as Congress abrogated any such immunity that the Defendants might have in connection with such claims.

92.    Lastly, to the extent applicable, §504 of the Rehabilitation Act and under the ADA, are noted for violations against Mr. Murchie regarding the medical treatment decisions or lack thereof, framed within the context and challenge within the disability discrimination context which occurred here, including inadequate training, supervision, and execution of duties.

93.    No reasonable officer or others could have concluded that assaulting, sexually assaulting and denying medical care to Jesse Murchie's person and then forcing warrantless penile catheterizations, in his further disabled state, were in any way constitutionally or legally justified.

94.    As a direct and proximate result of the of the Defendants' actions, Mr. Murchie was deprived of the rights, privileges and immunities secured by the United States Constitution, and he sustained life-threatening and permanent injuries, both physical, emotional and neuro-psychological, substantial pain and suffering, embarrassment, humiliation, invasion of privacy, loss of enjoyment of life and recreational activities, incurred  medical costs, loss  of  earning capacity and he suffers a permanent  impairment, all of which will continue in the future.

WHEREFORE, Plaintiff, Jesse Murchie, moves that this Honorable Court will grant

Judgment in his favor, for compensatory damages of $5 million and punitive damages of $10 million, against Defendants in an amount that is just and reasonable, including an award of attorneys' fees, and award him any further relief it deems just and proper.

### COUNT IV
**(Assault/Battery-Defendants)**

95.     Plaintiff alleges and realleges Paragraphs 1-94 in the foregoing, and makes them a part of this Count IV.

96.     The Defendants Dubie and Eagles' actions against Plaintiff on or about 10/07/2018, were uninvited, unwelcome and unprovoked, malicious and outrageous as were their prior trespass and harassment against Plaintiffs.

97.     The Defendants assaulted and battered Plaintiff without his consent, permission or a valid basis therefore by threatening, accosting him, physically assaulting him, detaining him improperly and demanding he be criminally charged with a crime, trespassed on his property, prohibited him from leaving of his own accord and bullying, detaining and tasing Plaintiff, back kneeling on him, denying medical care, strip searching and forcibly conducting a warrantless penile catheterization of him, bombing and  they intended to cause harmful or offensive contact to Plaintiff, and to punish and humiliate him for insolvent and disrespectful behavior; they had also previously trespassed and harassed Plaintiffs at their home.

98.     As a direct and proximate result of the assault and battery of Plaintiff by Defendants, Plaintiff has been seriously damaged and injured, as aforesaid.

99.     All prerequisites to the maintenance of this claim as set forth in 14 M.R.S.A.§§8101    et seq., have been satisfied or have occurred.

WHEREFORE, Plaintiff, Jesse Murchie, moves that this Honorable Court will grant Judgment in his favor, against Defendants in an amount that is just and reasonable, $5 million in compensatory damages and $10 million in punitive damages, and award him any further relief it deems just and proper.

### COUNT V
### (Negligence-Defendants)

100.   Plaintiff alleges and realleges Paragraphs 1-99 in the foregoing, and makes them a part of this Count V.

101.   The Defendants Dubie and Eagles owed a duty of care to Mr. Murchie to exercise reasonable care in the execution of their duties as police officers, for his medical care, and as Government agents, including properly assessing the incident including Murchie and his rights and necessity to properly assess his arrest, and obtaining evidence, none of which was properly done.

102.   The Defendants, and each of them, knew or should have known that their failure to exercise due care, individually and in the performance of their duties towards Plaintiff, and their negligent and improper provocation of an injured and mentally disabled, man by  use  of  tasers, physical force, back kneeling, denial of medical care, strip searching, body cavity searching, and warrantless forced penile catheterizations, and creating chaos and severely aggravating his disabled condition as part of that provoking, would cause the Plaintiff to    be    subjected    to physical injuries, and to suffer severe emotional distress and other  damages.

103.   The acts of the Defendants in causing the injuries, damages, and the severe emotional distress of the Plaintiff, constitute a breach of their duty of care toward Plaintiff, by using

excessive force against him in lieu of taking other forms of action.

104.    The Defendants' also negligently failed to follow the "Protocol for the Investigation of the Use of Deadly Force" standards, as required under Maine Law, and consistent with the "Maine Law Enforcement Officers Manual", and other Standard Operating Procedures and  Law Enforcement Standards, or medical protocols for such care and testing.

105.    Defendants were negligent in their failure to properly hire, train, supervise and control Defendants' conduct, and, their use and operation of vehicles, equipment, penile catheters and tasers, dealing with the disabled, and the entire operation on or about 10/07/2018, and thereafter.

106.    The Defendants' alleged violations of Maine Criminal Code, including, but not limited to the following,  and included as factual evidence of wrongdoing, also constitute violations of standards of care, and negligence, including:

      a)     §253-Gross Sexual Assault;

      b)     §255-A-Unlawful Sexual Contact;

      c)     §260-Unlawful Sexual Touching;

      d)     §302-Criminal Restraint;

      e)     §207-Assault;

      f)     §208-Aggravted Assault;

      g)     §209-Criminal Threatening;

      h)     §210-Terrorizing;

      i)     §211-Reckless Conduct.

107.    As a direct and proximate result of the Defendants' breach of duty and the consequences proximately caused by it, Mr. Murchie suffered severe personal injuries, both physical and

emotional, all as aforesaid.

108.    All prerequisites to the maintenance of this claim as set forth in 14 M.R.S.A.§§8101    et

seq., have been satisfied or have occurred.

WHEREFORE, Plaintiff, Jesse Murchie, moves that this Honorable Court will grant

Judgment in his favor, against Defendants in an amount that is just and reasonable, $5 million in

compensatory damages and $10 million in punitive damages, and award him any further relief it

deems just and proper.

## COUNT VI
### (Negligent Infliction of Emotional Distress)

109.    Plaintiff alleges and realleges Paragraphs 1-108 in the foregoing, and makes them a part

of this Count VI.

110.    The actions of Defendants Dubie and Eagles were so offensive, vile, malicious and

directed at Plaintiff to injure him, that he suffered emotional distress that a reasonable person

could be expected      to be harmed thereby, his privacy was so invaded, he became ill, his

injuries will continue into the future and Defendants knew or should have known Plaintiff would

be so effected  by their misconduct.

111.    As a direct and proximate result of the abuse of Plaintiff by Defendants, Plaintiff has

been seriously damaged, he suffered severe physical and emotional damages, all of which will

continue in the future.

112.    All prerequisites to the maintenance of this claim as set forth in 14 M.R.S.A.§§8101    et

seq., have been satisfied or have occurred.

WHEREFORE, Plaintiff, Jesse Murchie, moves that this Honorable Court will grant

Judgment in his favor, against Defendants in an amount that is just and reasonable, $5 million in compensatory damages and $10 million in punitive damages, and award him any further relief it deems just and proper.

## COUNT VII
### (Intentional Infliction of Emotional Distress)

113.     Plaintiff alleges and realleges Paragraphs 1-112 in the foregoing, and makes them a part of this Count VII.

114.     On or about 08/27/2018 through 10/07/2018 and thereafter, without Plaintiff's permission or consent, Defendants illegally trespassed on Plaintiffs' property in Fort Fairfield, Maine, and on 10/07/2018 arrested him, conducted warrantless search of his car, tased him, back kneeled on him, detained him without medical care,  and then they forced medical personnel to conduct a force, warrantless, penile catheterization of him, and strip search, all while he was mentally and physically disabled, concussed and non-cognitive, causing him severe and significant injuries and damages, and emotional injuries.

115.     At various other times, Defendants were physically assaultive, verbally abusive to the Plaintiff, battered him, threatening injury to him, and damage to him and his family and harassed him without jurisdiction, and otherwise Chief Newell and Manager Riser condoned and allowed the misconduct.

116.     On or about 10/07/2018, without Plaintiff's permission or consent, at his Fort Fairfield residence, Defendants Dubie and Eagles made explicit and degrading comments to Plaintiff, they relentlessly harassed Plaintiff with words and gestures, blocked his path of travel or restrained his free travel, threatened injury to Plaintiff and his family; assaulted him, tased him, back kneeled on

him, handcuffed and shackled him, detained him without medical care and then strip searched and forced warrantless penile catheterizations of him, causing Plaintiff significant and severe injuries, damages and emotional injuries.

117.    Defendants, by their extreme and outrageous conduct against Plaintiff, did intentionally or recklessly cause severe emotional distress to Plaintiff including times when they were inflicting bodily harm to him, and it was certain or substantially certain that such distress would result.

118.    The conduct of Defendants was so extreme and outrageous as to exceed all bounds of decency and it must be regarded as atrocious and utterly intolerable in a civilized society; they did so in part to retaliate and punish him for insolent and disrespectful behavior.

119.    The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to tolerate it.

120.    As a direct and proximate result of the actions of the Defendants and their breach of duty to Plaintiff, Plaintiff suffered severe personal injuries, both physical and emotional, he  incurred medical bills, lost earning capacity, underwent great pain and suffering, embarrassment, humiliation and invasion of privacy,  and he suffers a permanent  impairment, all of which will continue in the future.

121.    The actions of the Defendants were willful, wanton, malicious and intended to cause severe harm and injury to Plaintiff and were beyond all bounds of decency in a civilized society, mandating punitive damages.

122.    All prerequisites to the maintenance of this claim as set forth in 14  M.R.S.A.§§8101     et seq., have been satisfied or have occurred.

        WHEREFORE, Plaintiff, Jesse Murchie, requests judgment against Defendants for $5

million in compensatory damages and $10 million in punitive damages, and for whatever amounts are just and reasonable, plus his interest and costs incurred.

## COUNT VIII
### (Negligent Failure to Protect Rights of Mentally Ill Person, in Violation of 34-B M.R.S.A. §§3801, 3805, 3862, et seq and Prohibited Acts and Negligence)

123.    Plaintiff alleges and realleges Paragraphs 1-122 in the foregoing, and makes them a part of this Count VIII.

124.    At all times pertinent herein, Jesse Murchie was a "mentally ill person", and suffered from the "inability to make an informed decision", as defined under Maine Law in 34-B M.R.S.A. §3801(5), (10).

125.    At all times pertinent herein, Law Enforcement officials including Defendants Dubie and Eagles, were at the home of Jesse Murchie, on 10/07/2018, for nearly 2-hours, knew or should have known that Jesse Murchie was a mentally ill person and suffered the inability to make an informed decision, and subsequent to the attack, tasing and shackles of him, that he was further bodily injured, both physically and mentally, that he could not hear, was concussed and non-cognitive due to      the physical injuries and the effects.

126.    Law Enforcement officials, including Defendant Governmental Agencies, supervisors and individuals, were required by Maine Law and pursuant to 34-B M.R.S.A. §§3801, 3801(4-A), et seq, to protect Jesse Murchie from the "likelihood of serious harm," due to:

> A.    A substantial risk of physical harm to the person as manifested by recent threats of, or attempts at, suicide or serious self-inflicted harm;

> B.    A substantial risk of physical harm to other persons as manifested by recent homicidal or violent behavior or by recent conduct placing others

in reasonable fear of serious physical harm;

C.   A reasonable certainty that the person will suffer severe physical or mental harm as manifested by recent behavior demonstrating an inability to avoid risks or to protect the person advocating from impairment or injury; or

D.   For the purposes of 3873-A, in view of the person's treatment history, current behavior and inability to make an informed decision, a reasonable likelihood that the person's mental health will deteriorate and that the person will in the foreseeable future, pose a likelihood of serious harm as defined in paragraphs A, B or C.

127.   At all times pertinent herein, under §3862(1), Law Enforcement and Defendants, had probable cause to believe that Jesse Murchie may be mentally ill and that due to that condition he presented a threat of imminent and substantial physical harm to himself or to  other  persons  and the Law Enforcement officer could act as follows:

a.   May take the person into protective custody; and

b.   If the Law Enforcement officer does take the person into protective custody, shall deliver the person immediately for examination by a medical professional as provided in Section 3863….

128.   When formulating probable cause, the Law Enforcement officer may rely upon information provided by a third party informant if the officer confirms that the informant has reason to believe, based upon those informants recent personal  observations of or conversations  with  a person, that the person may be mentally ill and  that  due  to  that  condition  the  person  presents  a  threat  of

34

imminent and substantial harm to that person or to other persons, all of which Defendants had here.

129.    It is a prohibited act in the State of Maine, pursuant to 34-B M.R.S.A. §3805(2), for  a

person to cause a willful denial of rights to Jesse Murchie, as a person, of the rights accorded to him

by the rights and protections afforded him under the subchapter.

130.    The Defendants owed a duty of care to Jesse Murchie to comply with 34-B   M.R.S.A.

§§3801, et seq, by protecting him as a mentally ill person who was unable to make informed

decisions, to keep him from harm, to consult with proper medical professionals to assist Jesse

Murchie, and otherwise protect him from serious harm, as required by law.

131.    At all times pertinent herein, Defendants' negligently and willfully failed to follow   the

mandates of 34-B M.R.S.A. §§3801, et seq, and under the general and common law, and by

negligence, caused Jesse Murchie serious bodily injuries, both physical and mental, for which he

continues to suffer great pain and suffering, loss of enjoyment of life and recreational activities, and

he suffers a permanent impairment and other great losses, harm and damages.

132.    As a direct and proximate result of the actions of the Defendants and their breach of duty to

Plaintiff, Plaintiff suffered severe personal injuries, both physical and emotional, he  incurred

medical bills, lost earning capacity, underwent great pain and suffering, and he suffers a permanent

impairment, all of which will continue in the future.

133.    All prerequisites to the maintenance of this claim as set forth in 14  M.R.S.A.§§8101     et

seq., have been satisfied or have occurred.

        WHEREFORE, Plaintiff, Jesse Murchie requests judgment against Defendants $5 million

in compensatory damages and $10 million in punitive damages, and for whatever amounts are

just and reasonable, plus his interest and costs incurred.

## COUNT IX
### (Violations and Interference with Maine Constitution and Maine Civil Rights Act Violations)

134.    Plaintiff alleges and realleges Paragraphs 1-133 in the foregoing, and makes them a part of this Count IX.

135.    At all times pertinent herein, the Governmental and police actors described above, as well as others unknown at this time, were acting under color of State, municipal or police authority, and deprived Jesse Murchie of his Federal rights, and State rights.

136.    The Government and police policies were the moving force behind their actions, including, but not limited to, the use of Tasers, physical force, including knees to the back, also including forced warrantless penile catheterizations, and strip searching, body cavity searches, denial of medical care and devices on citizens of Maine and their property.

137.    No objectively reasonable police officer, medical person or Government official could have reasonably believed their conduct did not violate the Maine Constitution, including, but not limited to the sections noted herein, and others, as well as U.S. Constitutional violations.

138.    The Government and police actors' actions clearly violated established rights of which an objectively reasonable official would have known.

139.    A reasonable official or person should have known that the challenged conduct violated established rights.

140.    The Defendants all failed to consider the following:

        a.    The facts and circumstances of this case, including the level of crime alleged and its severity, to wit, traffic infractions;

        b.    whether split-decision making was involved or delays were available to

police, the mental health of the arrestee, including his bizarre or irrational actions, confirming his lack of mental competence, alternative methods of less  severe and drastic deadly force of a nature available to Law Enforcement to otherwise effect an arrest, and warranted blood test;

c.    and the totality of circumstances involved in the use of deadly force by use of Tasers, back kneeling, strip searches, denial of medical care, physical force, shackles and forced warrantless penile catheters, provoking a mentally disabled, white male, assaulting Jesse Murchie, rather than waiting for assistance from mental health or medical professionals, or other experts to analyze and decide the least deadly force method to use, including warranted blood tests;

d.    After assaulting and failing to assist him with his injuries and disabilities;

e.    Failure to assist him after the assaults, knowing that he could not understand, was concussed and non-cognitive, yet shackled and assaulted him after using three (3) Tasers against him, then denying medical services and employing a forced, warrantless, penile catheterization;

f.    All done against him without adequate or proper warnings, necessity or warrants.

g.    under all the circumstances and available resources, and less confrontational tactics, and de-escalation methods should have been used, including warranted blood tests.

141.    Further, the Government Agencies involved, by use of Tasers and shackles, back

kneeling,  to effect arrests, and then employ strip searches, body cavity searching and forced penile catheterizations of mentally incompetent persons, did through its policies, approvals, purchases, training and use thereof,  maintained and condoned a custom and practice of depriving individuals of their Constitutional Rights by their traditions, policies, ordinances, statutes, manuals and actions, promulgated by Law Enforcement of the agencies, and Governments involved.

142.    The actions of the officers, and other personnel as their agents, and Government manager, and their omissions, before, during  and after the arrest and penile catheterization of Jesse Murchie person and property, constituted a conspiracy against Jesse Murchie, in violation of Federal and State Law.

143.    Further, any of the officers and other personnel having knowledge that wrongs against Jesse Murchie were occurring, including §1985 violations, with the power to prevent or aid against the wrongs, and neglecting to do so, are guilty of the violations as well, including refusal to investigate the wrongdoing and stop it from occurring.

144.    The officers and Defendants, knew or should have known that Jesse Murchie was mentally incompetent, or a mentally ill person, and not capable of making informed choices, acting in a bizarre manner, and that he was suffering some kind severe      mental      breakdown, which as a white male, placed him in a protected class-base of protected persons, and here the officers and medical personnel had a tacit understanding that they would carry out the assaults and penile catheterizations, notwithstanding other less lethal means available to them, and they were motivated by the class-based invidious discrimination and animus behind the conspiracy actions, due to Jesse   Murchie's class-based status as a white male with severe mental health

disorders, all of which involved the conspiracy, for the purpose of depriving Jesse Murchie of due process and equal protection and equal privileges and immunities, involving an overt act or acts in furtherance of the conspiracy, resulting in injury to Jesse Murchie and his property and otherwise retaliation against him for insolent and disrespectful behavior.

145.    Each of the officers' and Government personnel's' acts and omissions before, during and after the attacks and activities, constitute a conspiracy against Jesse Murchie, and were malicious and outrageous, or were so outrageous that malice can be implied and considered more than a reckless disregard for Mr. Murchie; as Defendants knew of the dangers and protected themselves, rather than Murchie without warning to Mr. Murchie.

146.    To the extent law enforcement extended or exacerbated the situation to create and/or use the incident as a training exercise for police and others, is a further violation of Jesse Murchie's rights, and further evidence of Defendants wrongdoing.

147.    The police and Government personnel became impatient, angry, upset, unwilling to wait for a Mental Crisis Team, and because Jesse Murchie was exercising his right to protect himself or exercise his Constitutional rights, exacerbated their wrongs against Jesse Murchie and to the point of attacking him as a retaliatory method, including use of a   forced   warrantless   penile catheterization, as form of humiliation.

148.    It was not objectively reasonable to use excessive force against Jesse Murchie.

149.    It was cruel and abusive to treat a mentally ill man, and/or physically injured man, caused by police and others, to wit, Jesse Murchie, in the manner he was treated, and contrary to law.

150.    The officers and other personnel as their agents, were not properly discharging their duties, and making the activity a training exercise was Constitutionally impermissible, including

39

involvement of multiple Government Agencies and police, was outrageous.

151.   Further, the Government Agencies involved failed to issue widely accepted and non-lethal means by which to apprehend Jesse Murchie, a mentally ill person, such as tear gas, mental health experts, pepper-spray, chemical mace, or other non-deadly means of physical force, including throw phones, and warranted blood tests, and as is part of the training of the officers involved, also acted not in accordance with the "protocol for the   reporting         and investigation of the use of deadly force," in the Maine Law Enforcement   Officers Manual, and other applicable standards of care, and hospital standards,  including  adequate  and  appropriate warnings before inflicting deadly force upon him.

152.   All officers and other personnel as agents, had the affirmative duty to intervene and prevent the unlawful use of force by others, used in this action against Jesse Murchie.

153.   The Government Agencies, supervisors and Law Enforcement Officers had no right  to use Jesse Murchie as "a human guinea pig", to effect their fully executed training mission to assault a mentally and physically disabled man by use of a forced warrantless penile catheterization, to advance their conspiracy against a mentally ill, white male.

154.   Defendants used Unconstitutional Excessive Force a) by use of Tasers, shackles, physical force, including knee to the back, or otherwise to provoke Plaintiff; b) by use of a delay in medical treatment, c) by using excessive force with a forced warrantless penile catheterization and strip search and body cavity search, d) failure to consider less destructive or invasive means of effecting the arrest or custody or testing of Jesse Murchie, including blood tests, e) failure to consult with experts before using forced warrant penile catheterizations, f) failure to consult with a urology expert before using catheterization on Plaintiff, g) failure to consider injuries to Jesse

Murchie including concussive, disorienting effects of physical injuries on him, and his subsequent acts        after injuries to understand his actions rather than shackling in the police car and denying him medical care, h) failure to consult and consider mental health or medical experts to use alternative means of effecting arrest, obtaining evidence, including warranted blood tests,  j) failure to use deescalating use of force for mentally ill or physically injured arrestee; k) converting a T.34-B matter into a training exercise for police and hospital staff and others; l) failure to provide adequate and appropriate warnings to Mr. Murchie; m) humiliating Mr. Murchie; n) retaliating for insolent and disrespectful behavior.

155.    Defendants violated the parameters of the warrantless arrest and/or warrantless search by searching and seizing evidence in his car, and then shackling him in the police car and denying medical care to him and then conducting a strip search, body cavity search, and forced warrantless penile catheterization of him without proper warnings or commands.

156.    The Defendants violated 5 M.R.S.A. §§4682, (1-A) et seq (Maine Civil Rights Act), Since the Defendants acting under color of law, intentionally interfered or attempted to intentionally interfere by physical force or violence against Mr. Murchie, and caused damages or destruction of his property or trespassed on his property or by the threat of physical     force    or violence against him, caused damage or destruction of his property or trespass on property with the exercise and enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State, or violates section 4684-B, the person whose exercise or enjoyment of these rights has been interfered with, or attempted to be interfered with, all of which occurred here and Mr. Murchie files this civil action for legal and equitable relief.

157.    Further, Defendants violated the following provisions of *Me. Const.,* Art. I,

Sections:    §1-    "Natural rights-defending life, liberty and protecting property and safety;"

§5-    "Unreasonable search and seizures;"

§6-    "Rights of persons accused;"

§6-A   "Discrimination against persons prohibited;"

§9-    "Cruel and unusual punishment prohibited;"

§19-   "Right to redress for injuries, to person, reputation, property or immunities;"

§21-   "Private property, when to be taken, just compensation;"

§24-   "Other rights not impaired;"

158.    The Defendants interfered with Plaintiff's Constitutional and Civil Rights as they violated the prohibitions stated in 17 M.R.S.A. §2931, since a person may not, by force or threat of force, intentionally injure, intimidate or interfere with, or intentionally attempt to injure, intimidate or interfere with or intentionally oppress or threaten any other person in the free exercise or enjoyment of any right or privilege, secured to that person by the Constitution of Maine or laws of the State or by the United States Constitution or laws of the United States, and Defendants did in fact do so against Plaintiff with the intention to do so and with deliberate indifference to Plaintiff's rights.

159.    The actions of Defendants constituted unnecessary excessive deadly force, including the definition in 17-A M.R.S.A. §521(8), and was not justified by §101(5)(A),(B), or otherwise; and including, but not limited to alleged violations of the Maine Criminal Code, also including but

not limited to the following acts of wrongdoing:

      a.    §253-Gross Sexual Assault;

      b.    §255-A-Unlawful Sexual Contact;

      c.    §260-Unlawful Sexual Touching;

      d.    §302-Criminal Restraint;

      e.    §207-Assault;

      g.    §208-Aggravted Assault;

      h.    §209-Criminal Threatening;

      i.    §210-Terrorizing;

      j.    §211-Reckless Conduct.

160.    The Plaintiff seeks legal and equitable relief against Defendants for his damages, including a permanent injunction against Defendants from further entry onto his property, denial of his rights, prohibiting Defendants from use of forced warrantless penile catheterization of others and for his damages, attorneys' fees and costs, interest, and other damages as may be warranted.

161.    As a direct and proximate result of the actions of Defendants, Plaintiff has been damaged as aforesaid, for which he is entitled to compensatory and punitive damages, attorneys' fees and costs and other legal and equitable relief.

162.    All prerequisites to the maintenance of this claim as set forth in 14 M.R.S.A.§§8101 et seq., have been satisfied or have occurred.

    WHEREFORE, Plaintiff, Jesse Murchie requests judgment against Defendants for $5 million in compensatory damages and $10 million in punitive damages and equitable relief and

for whatever amounts are just and reasonable, plus his interest, fees and costs incurred.

## COUNT X
### (Medical Care)

163.    Plaintiff alleges and realleges Paragraphs 1-162 in the foregoing, and makes them a part of this Count X.

164.    Plaintiff, Jesse Murchie makes claim against Defendants for payment of all medical and health care related expenses incurred by him, as a result of these injuries.

165.    As a direct and proximate result of the willful and negligent acts of the Defendants, Plaintiff has been damaged.

166.    All prerequisites to the maintenance of this claim as set forth in 14  M.R.S.A.§§8101     et seq., have been satisfied or have occurred.

WHEREFORE, Plaintiff, Jesse Murchie, demands judgment against Defendants for compensatory damages for whatever sums are reasonable in the premises, plus his interest and costs incurred.

## COUNT XI
### (Spoliation of Evidence)

167.    Plaintiff alleges and realleges Paragraphs 1-166 in the foregoing, and makes them a part of this Count XI.

168.    The Defendants improperly destroyed evidence, and the property of Jesse Murchie, resulting in a denial of due process and a fair trial to Jesse Murchie, and they are liable for spoliation of evidence, failure to secure the evidence, failure to properly document the area, loss or destruction of property, and failure to preserve evidence and the cover-up of the evidence at his property, or in the

44

police car, or in the hospital.

169.     This cause of action includes all Defendants and the police and supervisors, which on information, acted as agents for the City of Fairfield and other Defendants in the destruction and cover-up of evidence and property.

170.     As a direct and proximate result of the willful and negligent acts of the Defendants, Plaintiff has been damaged.

171.     All prerequisites to the maintenance of this claim as set forth in 14 M.R.S.A.§§8101    et seq., have been satisfied or have occurred.

     WHEREFORE, Plaintiff, Jesse Murchie, demands judgment against Defendants for compensatory damages of $5 million dollars and punitive damages of $10 million dollars for whatever sums are reasonable in the premises, including evidentiary inferences against Defendants, plus his interest and costs incurred.

<u>**COUNT XII**</u>
**(Invasion of Privacy-Intrusion on Personal Seclusion)**

172.     Plaintiff alleges and realleges Paragraphs 1-171 in the foregoing, and makes them a part of this Court XII.

173.     When the Defendants Dubie and Eagles forced the strip search. body cavity search, and forced warrantless penile catheterizations of Plaintiff Jesse Murchie, they exposed his genitalia and improperly touched him, forced two (2) catheterizations on him after a female nurse unzipped his pants in front of at least two (2) other female nurses and two (2) police officers, without his permission, informed consent or right to do     so, all as demanded and ordered by the police officers.

174.    The Defendants intentionally, willfully and maliciously intruded, physically or otherwise, upon the solitude, seclusion and privacy of Jesse Murchie, in his private affairs or concerns    and existence as a person, for which Defendants are liable for invasion of        privacy,    since    the intrusion would be highly offensive to a reasonable person.

175.    As a direct and proximate result of the willful and intrusive acts of the Defendants, Plaintiff has been damaged including substantial humiliation, embarrassment, physical and emotional injuries, all of which will continue in the future.

WHEREFORE, Plaintiff, Jesse Murchie requests judgment against Defendants for $5 million in compensatory damages and $10 million in punitive damages and equitable relief and for whatever amounts are just and reasonable, plus his interest, fees and costs incurred.

## COUNT XIII
### (Vicarious Liability)

176.    Plaintiff alleges and realleges Paragraphs 1-175 in the foregoing, and makes them a part of this Court XIII.

177.    The municipal Defendants used the Fort Fairfield Police Department and the police and others, as agents, and they are vicariously liable for all other Defendants' tortious actions.

178.    All prerequisites to the maintenance of this claim as set forth in 14 M.R.S.A.§§8101     et seq., have been satisfied or have occurred.

WHEREFORE, Plaintiff, Jesse Murchie requests judgment against Defendants for $5 million in compensatory damages and $10 million in punitive damages and equitable relief and for whatever amounts are just and reasonable, plus his interest, fees and costs incurred.

## COUNT XIV
### (Loss of Consortium and Emotional Distress-Deanna Murchie)

46

179.    Plaintiff alleges and realleges Paragraphs 1-178 in the foregoing, and makes them a part of this Court XIV.

180.    At all times pertinent herein, Plaintiff Deanna Murchie, wife of Jesse Murchie, was an eyewitness to the excessive force, abuse, assault, battery and other wrongs perpetuated against her husband, Jesse Murchie, in the yard of her house, by Defendants Dubie and Eagles, including threats against her by Dubie and in the presence of Eagles who did not intervene nor prevent the wrongdoing, all of which caused her severe emotional distress, so profound that no reasonable person could be expected to by bound thereby; also, she was an eyewitness to the trespass and harassment of Plaintiffs by Defendants in the past.

181.    The Plaintiff Deanna Murchie has suffered a loss of consortium with her husband Jesse Murchie directly caused by the misconduct of the Defendants.

182.    As a direct and proximate result of the negligence and other misconduct of the Defendants, Plaintiff Deanna Murchie has been severely damaged.

WHEREFORE, Plaintiff, Deanna Murchie requests judgment against Defendants for $5 million in compensatory damages and $10 million in punitive damages and equitable relief and for whatever amounts are just and reasonable, plus her interest, fees and costs incurred.


Dated at Bangor, Maine
August 21, 2020                          /s/ N. Laurence Willey, Jr., Esq. #808
                                        N. Laurence Willey, Jr., Esq. #808
                                        Attorney for Plaintiffs
                                        WILLEY LAW OFFICES
                                        P.O. Box 924
                                        Bangor, ME  04402-0924
                                        (207) 262-6222

Dated at Bangor, Maine
August 21, 2020

/s/ Ezra A. R. Willey, Esq. #5025
Ezra A.R. Willey, Esq. #5025
Attorney for Plaintiffs
WILLEY LAW OFFICES
P.O. Box 924
Bangor, ME  04402-0924
(207) 262-6222